Guillermo Cabrera (SBN 190303)
**The Cabrera Firm, APC**
600 West Broadway, Suite 700
San Diego, CA 92101
v. 619.500.4880
f. 619.785.3380
E-mail: gil@cabrerafirm.com

Manuel de la Cerra (SBN 189313)
**The Law Office of Manuel de la Cerra**
6885 Catamaran Drive
Carlsbad, CA 92011
v. 760.809.5520
f: 760.269.3542
E-mail: manny@delacerralaw.com

Attorneys for Plaintiff
GOLDEN HOUR DATA SYSTEMS, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GOLDEN HOUR DATA SYSTEMS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> REACH AIR MEDICAL SERVICES, LLC, a California Limited Liability Company, <br><br> Defendant. | **'14CV1059 JAH JMA** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT OF U.S.PAT. NOS. 6,117,073, 7,668,736; & 7,734,481.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Golden Hour Data Systems, Inc. hereby complains of Defendant REACH AIR MEDICAL SERVICES, LLC (REACH) for infringement of United States Patent Nos. 6,117,073 ('073 Patent), 7,668,736 ('736 Patent), and 7,734,481 ('481 Patent; collectively the Patents-In-Suit), and alleges as follows:

### PARTIES

1. Plaintiff Golden Hour Data Systems, Inc. is a California corporation with a principal place of business at 10052 Mesa Ridge Ct #200, San Diego, CA 92121

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant REACH is a California Limited Liability Company with a principal place of business at 451 Aviation Blvd. Ste. 101, Santa Rosa, CA 95403.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant REACH does business in this judicial district and has committed acts of infringement in this judicial district.

**JURISDICTION AND VENUE**

4. This Court has personal jurisdiction over REACH under Fed. R. Civ. P. 4(k)(1)(A) and California's long-arm statute, Cal. Civ. Proc. Code § 410.10, as REACH has continuous business contacts with the State of California, has a business presence in the State of California and has committed the complained-of acts in the State of California, thereby causing damage to Plaintiff in this judicial district.

5. This Court has subject matter jurisdiction pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1338(a).

6. Venue is proper in this district under 28 U.S.C. § 1400(b) because REACH resides in this judicial district as defined by 28 U.S.C. § 1391.

7. Plaintiff is informed and believes, and on that basis alleges, that REACH has operated, and continues to operate, a base of operations from 1111 Airport Road, Imperial CA 92251, located in this judicial district. (*See* Exhibit A, which is a true and correct copy of a screenshot from REACH's website at <http://www.reachair.com/purpose/pdfs/R9.pdf> illustrating the areas of business REACH covers.) This contact is systematic and continuous and supports a finding of personal jurisdiction and venue in this district.

**BACKGROUND FACTS**

8. On September 12, 2000, United States Patent No. 6,117,073 entitled "Integrated Emergency Medical Transportation Database System" was duly and legally issued to Scott Jones, and Kevin Hutton. A true copy of the '073 Patent is attached hereto as Exhibit B.

9. Plaintiff Golden Hour Data Systems, Inc. is the owner by assignment of the '073 Patent with full and exclusive right to bring suit to enforce this patent. The assignment has been

1  recorded with the USPTO and can be found at reel/frame 014523/0082.

2      10.    The '073 Patent relates generally to "an integrated medical database system for []
3  emergency medical transportation."  *See* '073 Patent at Abstract.

4      11.    On February 23, 2010, United States Patent No. 7,668,736 entitled "Integrated
5  Emergency Medical Transportation Database and Virtual Private Network System" was duly and
6  legally issued to Scott Jones, Rany Polany and Kevin Hutton.  A true copy of the '736 Patent is
7  attached hereto as Exhibit C.

8      12.    Plaintiff Golden Hour Data Systems, Inc. is the owner by assignment of the '736
9  Patent with full and exclusive right to bring suit to enforce this patent.  The assignment has been
10  recorded with the USPTO and can be found at reel/frame 014524/0244.

11      13.    The '736 Patent relates generally to a "system and method for providing secure
12  data communications and user access authorization for an integrated emergency medical
13  transportation database."  *See* '736 Patent at Abstract.

14      14.    On June 8, 2010, United States Patent No. 7,734,481 entitled "Compliance Audit
15  For Integrated Emergency Medical Transportation Database System" was duly and legally issued
16  to Kevin Hutton, and Scott Jones.  A true copy of the '481 Patent is attached hereto as Exhibit D.

17      15.    Plaintiff Golden Hour Data Systems, Inc. is the owner by assignment of the '481
18  Patent with full and exclusive right to bring suit to enforce this patent.  The assignment has been
19  recorded with the USPTO and can be found at reel/frame 014527/0040.

20      16.    The '481 Patent relates generally to "an integrated medical database system for []
21  emergency medical transportation."  *See* '481 Patent at Abstract.

22      17.    REACH is an air ambulance service company serving several large regions of
23  California.  REACH uses integrated dispatch, clinical and billing when providing its air
24  ambulance services and billing both payors and patients for those services.

25      18.    REACH has been and is infringing and/or inducing others to infringe the Patents-
26  In-Suit, by making, and using emergency medical management, reporting and billing software
27  that is covered by one or more claims of the Patents-In-Suit.  REACH's acts of infringement have
28  occurred within this district and elsewhere throughout the United States.

19. REACH has willfully infringed the Patents-In-Suit by continuing its acts of infringement after being on notice of these patents.

20. For all relevant time alleged in this complaint, REACH has been aware of the Patents-In-Suit and has continued infringement in disregard of those patents.

21. Plaintiff reserves the right to amend the following causes of action as supported by discovery in this matter.

## REACH'S AIR AMUBLANCE SYSTEM AND SERVICE

22. On April 2 – April 3, 2013, Plaintiff Golden Hour Data Systems Inc. conducted a technical audit of REACH'S air ambulance system and service, at the REACH facility in Santa Rosa, CA. Abruptly on April 3, 2013, the owners of REACH stopped the audit and asked Plaintiff to leave the REACH facility, thereby preventing Plaintiff from investigating REACH's air ambulance system and service further.

23. Each of the alleged facts contained in this section (*i.e.,* paragraphs 22- 36, Figures 1-11) were discerned from the truncated technical audit and are based on the description of the REACH's air ambulance system and service provided by REACH and REACH-related personnel. Therefore, these allegations are on information and belief.

24. According to REACH, it provides to its customers a complete air medical transport service that includes (1) dispatch of air medical transportation team and vehicle (to and from the medical incident site), (2) clinical assessment of the patient by the medical team and (3) billing of the transportation.

25. To provide this service, REACH has created and/or uses a sophisticated computer system with dispatch, clinical and billing components.

26. According to REACH, the following represents a process flow for the first and second components of their system – *i.e.,* dispatch and clinical.

```
DISPATCH HIGH-LEVEL                    CLINICAL HIGH-LEVEL
   PROCESS FLOW                            PROCESS FLOW

      START                                   START
        │                                       │
        ▼                                       ▼
   Flight Request                         Enter Flight #
   (Scene/IFT/
   Non-Emergent)
        │                                       │
        ▼                                       ▼
    Determine                            Retrieve, Edit
   Availability and                     and/or Populate
    Assign Unit                            CAD Data
                                          (Dispatch #)
        │                                       │
        ▼                                       ▼
   Page/Dispatch                         Enter Flight #
      Crew                              (Pilot Record in
                                           AirChart)
        │                                       │
        ▼                                       ▼
    Complete                            Complete Chart
    Transport                          (Certain Required
                                        Fields Validated)
        │                                       │
        ▼                                       ▼
  Audit/Finalize                          Audit/Print
    Transport                                Chart
        │                                       │
        ▼                                       ▼
  ┌──────────┬──────────┐              Complete Packet
  │Dispatch  │Dispatch  │              and Scan into
  │PDF Sent  │XML       │                 AirChart
  │out via   │Generated │
  │e-mail    │          │
  └──────────┴──────────┘
        │                                       │
        ▼                                       ▼
       END                                    END
```

**FIGURE 1: Process Flows of REACH Dispatch and Clinical Components**

27.   The first component is a computer system that runs the dispatch system and service is located in the REACH server closet and is called "com-server".

28.   The second component is a computer system that runs the clinical system and service is located in the REACH server closet and is called "Adminserver8". This clinical system and service is integrated with dispatch.

29. Regarding the third component, REACH works intimately with Health Services Integration, Inc. (HSI) to provide billing.

30. On information and belief, HSI and REACH were owned by the same entity until REACH was sold to Air Medical Group Holdings. And that REACH Board Members and Executives were deposed and were fully aware of Golden Hour's patents from a prior suit that was filed in 2007 and settled in 2008.

31. REACH provides HSI with the integrated clinical and dispatch data in a specific format, from which HSI can create a bill that is used by REACH to send to its customers. This billing function is integrated with both the dispatch system and service as well as the clinical system and service.

32. According to REACH, the following is a high-level structure of the systems used and operated either directly by REACH or in concert with HSI. The following is the photo of the whiteboard, the whiteboard was prepared by REACH personnel during the technical audit:



**FIGURE 2: Complete System Used and/or Operated By REACH**
**(Photo of Whiteboard from Technical Audit)**

**FIGURE 3: Complete System Used and/or Operated By REACH**

33. The location of the various computer systems used and/or operated by REACH is shown in the following figure.

 

  

**FIGURE 4: Database and Serve Structure For Complete System Used and/or Operated By REACH (Servers Located At REACH on Left; Servers Located At HSI on Right)**

34.     Based on these computer systems and process flows as disclosed by REACH, Plaintiff Golden Hour Data Systems, Inc. alleges that REACH directly infringes under 35 U.S.C. § 271(a) the following independent claims: Claims 1 and 15 of the '073 Patent; Claim 1 of the '736 Patent; and Claims 1, 13 and 18 of the '481 Patent.  This is a preliminary assessment intended to place REACH on notice under Fed.R.Civ.P. Rule 8, and includes only independent claims.  REACH also directly infringes the dependent claims of the Patents-In-Suit.  Plaintiff reserves the right to amend this allegation based on future discovery and litigation.

35.     Based on these computer systems and process flows as disclosed by REACH, Plaintiff Golden Hour Data Systems, Inc. alleges that REACH induces infringement under 35 U.S.C. § 271(b) of independent claim 28 of the '736 Patent.  This is a preliminary assessment intended to place REACH on notice under Fed.R.Civ.P. Rule 8, and includes only independent claims.  REACH also induces infringement of the dependent claims of the Patents-In-Suit.  Plaintiff reserves the right to amend this allegation based on future discovery and litigation.

36.     What follows in Figures 5-11 is a graphical comparison applying the process flows (Figure 1 above) and the REACH system (Figures 2 and 3 above) to Claims 1 and 15 of the '073 Patent; Claims 1 and 28 of the '736 Patent; and Claims 1, 13 and 18 of the '481 Patent.  This is a preliminary assessment intended to place REACH on notice under Fed.R.Civ.P. Rule 8, and includes only independent claims.  Plaintiff Golden Hour Data Systems, Inc. reserves the right to amend this allegation based on future discovery and litigation.

**FIGURE 5: Graphical Comparison of REACH System to Claim 1 of the '073 Patent**



**FIGURE 6: Graphical Comparison of REACH System to Claim 15 of the '073 Patent**

HSI-Hosted Systems
REACH-Hosted Systems
REPORTING
E-MAIL PDF
XML
REMOTE ACCESS CITRIX
CAD
HSI
(Billing)
REACH
MD
DISPATCH
CLINICAL
'736 Patent Claim 1
1. A secure integrated emergency medical transportation database system for use in a computing environment having a processor and a data storage, the system comprising:
a medical emergency database stored in the data storage and accessible by the processor, wherein the database comprises at least clinical encounter information, patient demographic data and transport information comprising at least vehicle path tracking information, as electronic protected health information for a plurality of medical emergency incidents requiring transport and a plurality of patients;
a billing module being executable by the processor and configured to access the medical emergency database and generate a bill for each medical emergency requiring transport wherein the bill includes at least portions of each of the patient demographic data, the clinical information, and the transport information;
and a secure communications application being executable by the processor and configured to allow a plurality of authorized users to connect to the system via a public network and further configured to allow secure access to the medical emergency database and/or billing module by the plurality of authorized users via the public network,
wherein the secure access comprises technical security measures to protect against unauthorized access to the electronic protected health information during transmission over the public network, for secure storage of data indicative of a medical emergency in the medical emergency database, from a location in the field that is remote from a health service facility.
CLINICAL HIGH-LEVEL PROCESS FLOW
START
Enter Flight #
Retrieve, Edit and/or Populate CAD Data (Dispatch #)
Enter Flight # (Pilot Record in AirChart)
Complete Chart (Certain Required Fields Validated)
Audit/Print Chart
Complete Packet and Scan into AirChart
END
DISPATCH HIGH-LEVEL PROCESS FLOW
START
Flight Request (Scene/IFT/ Non-Emergent)
Determine Availability and Assign Unit
Page/Dispatch Crew
Complete Transport
Audit/Finalize Transport
Dispatch XML Generated
Dispatch PDF Sent out via e-mail
END

**FIGURE 7: Graphical Comparison of REACH System to Claim 1 of the '736 Patent**

11

COMPLAINT FOR
PATENT INTINGEMENT

### '736 Patent Claim 28

28. A method of providing access to a secure integrated emergency medical transportation database including a computing environment having a processor and a data storage, the method comprising:

collecting at least clinical encounter information, patient demographic data and transport information comprising at least vehicle tracking path information, as electronic protected health information for each of a plurality of medical emergency incidents requiring transport into a medical emergency database, wherein the medical emergency database comprises electronic data stored in the data storage and wherein the medical emergency incidents are associated with a plurality of patients; accessing the medical emergency database via the processor;

generating via the processor a bill for each medical emergency incident accessed wherein the bill includes at least portions of each of the patient demographic data, the clinical information, and the transport information; and

securing access to the medical emergency database and/or billing information by a plurality of authorized users via a public network, wherein securing access comprises using technical security measures to protect against unauthorized access to electronic protected health information during transmission over the public network, for secure storage of data indicative of a medical emergency in the medical emergency database from a location in the field that is remote from a health service facility.

**FIGURE 8: Graphical Comparison of REACH System to Claim 28 of the '736 Patent**

COMPLAINT FOR
PATENT INTINGEMENT

**FIGURE 9: Graphical Comparison of REACH System to Claim 1 of the '481 Patent**

COMPLAINT FOR
PATENT INTINGEMENT

**FIGURE 10: Graphical Comparison of REACH System to Claim 13 of the '481 Patent**

**FIGURE 11: Graphical Comparison of REACH System to Claim 18 of the '481 Patent**

## COUNT 1: PATENT INFRINGEMENT
## OF THE '073 PATENT

37. Plaintiff Golden Hour Data Systems, Inc. hereby re-alleges and incorporates by this reference the foregoing paragraphs as though fully set forth herein.

38. Plaintiff is informed and believes, and on that basis alleges, that REACH has been and still is knowingly and intentionally infringing the '073 Patent under 35 U.S.C. § 271(a) by making and using emergency medical management, dispatch, clinical, reporting and billing software that is covered by one or more claims of the '073 Patent. Plaintiff is further informed and believes, and on that basis alleges, that infringement by REACH of the '073 Patent under § 271(a) will continue unless enjoined by this Court.

39. Plaintiff is informed and believes, and on that basis alleges, that REACH is willfully, deliberately, and intentionally infringing the '073 Patent in the manners described above with full knowledge thereof, and will continue to do so unless enjoined by this Court.

40. Plaintiff is informed and believes, and on that basis alleges, that REACH has derived, received, and will continue to derive and receive from the aforesaid acts of infringement gains, profits, increased acquisition valuation, and other advantages, tangible and intangible, the extent of which are not presently known to Plaintiff. By reason of the aforesaid acts of infringement, Plaintiff has been, and will continue to be, greatly and irreparably damaged.

## COUNT 2: PATENT INFRINGEMENT
## OF THE '736 PATENT

41. Plaintiff Golden Hour Data Systems, Inc. hereby re-alleges and incorporates by this reference the foregoing paragraphs as though fully set forth herein.

42. Plaintiff is informed and believes, and on that basis alleges, that REACH has been and still is knowingly and intentionally infringing the '736 Patent under 35 U.S.C. § 271(a) by making and using emergency medical management, dispatch, clinical, reporting and billing that is covered by one or more claims of the '736 Patent. Plaintiff is further informed and believes, and on that basis alleges, that infringement by REACH of the '736 Patent under § 271(a) will continue unless enjoined by this Court.

43. Plaintiff is informed and believes, and on that basis alleges, that REACH has been

1  and still is knowingly and intentionally inducing others, including HSI under 35 U.S.C. § 271(b)

2  to participate in the infringement of the '736 Patent by encouraging HSI to practice billing

3  procedures and use billing components that are covered by one or more claims of the '736 Patent.

4  Plaintiff is further informed and believes, and on that basis alleges, that the inducement of others

5  by REACH under § 271(b) to directly infringe the '736 Patent will continue unless enjoined by

6  this Court.

7      44.    Plaintiff is informed and believes, and on that basis alleges, that REACH is

8  willfully, deliberately, and intentionally infringing the '736 Patent in the manners described above

9  with full knowledge thereof, and will continue to do so unless enjoined by this Court.

10      45.    Plaintiff is informed and believes, and on that basis alleges, that REACH has

11  derived, received, and will continue to derive and receive from the aforesaid acts of infringement

12  gains, profits, increased acquisition valuation, and other advantages, tangible and intangible, the

13  extent of which are not presently known to Plaintiff.  By reason of the aforesaid acts of

14  infringement, Plaintiff has been, and will continue to be, greatly and irreparably damaged.

**COUNT 3: PATENT INFRINGEMENT
OF THE '481 PATENT**

17      46.    Plaintiff Golden Hour Data Systems, Inc. hereby re-alleges and incorporates by

18  this reference the foregoing paragraphs as though fully set forth herein.

19      47.    Plaintiff is informed and believes, and on that basis alleges, that REACH has been

20  and still is knowingly and intentionally infringing the '481 Patent under 35 U.S.C. § 271(a) by

21  making and using emergency medical management, dispatch, clinical, reporting and billing

22  software that is covered by one or more claims of the '481 Patent.  Plaintiff is further informed

23  and believes, and on that basis alleges, that infringement by REACH of the '481 Patent under §

24  271(a) will continue unless enjoined by this Court.

25      48.    Plaintiff is informed and believes, and on that basis alleges, that REACH is

26  willfully, deliberately, and intentionally infringing the '481 Patent in the manners described

27  above with full knowledge thereof, and will continue to do so unless enjoined by this Court.

28      49.    Plaintiff is informed and believes, and on that basis alleges, that REACH has

derived, received, and will continue to derive and receive from the aforesaid acts of infringement gains, profits, increased acquisition valuation, and other advantages, tangible and intangible, the extent of which are not presently known to Plaintiff.  By reason of the aforesaid acts of infringement, Plaintiff has been, and will continue to be, greatly and irreparably damaged.

## **PRAYER**

50. WHEREFORE, Plaintiff Golden Hour Data Systems, Inc. prays for the following relief against Defendant REACH:

- That Defendant REACH be adjudged to have infringed the '073 Patent under 35 U.S.C. §§ 271(a);
- That Defendant REACH be adjudged to have infringed the '736 Patent under 35 U.S.C. §§ 271(a) and/or (b);
- That Defendant REACH be adjudged to have infringed the '481 Patent under 35 U.S.C. §§ 271(a);
- a preliminary and permanent injunction against Defendant REACH., its officers, directors, agents, servants, employees, attorneys, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendant REACH, enjoining it from continuing acts of infringement of the Patents-In-Suit;
- an award of damages under 35 U.S.C. § 284 for Defendant REACH's infringement of the Patents-In-Suit, together with pre-judgment and post-judgment interest;

That Defendant REACH be adjudged to have willfully infringed the Patents-In-Suit patent under 35 U.S.C. §§ 271(a) and/or (b), and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

- That this action be adjudged an exceptional case, and that the Court award Plaintiff its attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285; and
- any such other relief that this Court deems just and proper.

Respectfully submitted,

**The Cabrera Firm, APC**

By: _____
Guillermo Cabrera
Attorney for Plaintiff
Golden Hour Data Systems, Inc., a California Corporation.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

**The Cabrera Firm, APC**

By: _____
Guillermo Cabrera
Attorney for Plaintiff
Golden Hour Data Systems, Inc., a
California Corporation.